UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOANN SNIDER,

        Plaintiff,

v.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

A Foreign Corporation,

        Defendant.

## COMPLAINT

The Plaintiff, JOANN SNIDER, by and through undersigned counsel, hereby files this Complaint against THE PRUDENTIAL INSURANCE COMPANY OF AMERICA ("PRUDENTIAL") and alleges:

### GENERAL ALLEGATIONS

1. This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, specifically § 1132 (a)(1)(b).

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue is proper in the United States District Court for the Middle District of Florida, where the breach of the contract between the parties took place.

4. Defendant PRUDENTIAL is a foreign corporation engaged in the business

of insurance in Pinellas County, Florida.

5. At all times material hereto, Plaintiff was covered by an insurance policy providing long-term disability benefits underwritten and administered by PRUDENTIAL through an "employee welfare benefit plan" as defined by ERISA, 29 U.S.C. § 1002(1) which provided disability insurance benefits and other valuable benefits. A copy of the insurance policy is attached hereto as Exhibit "A."

6. PRUDENTIAL was a claims "fiduciary" within the meaning of 29 U.S.C. § 1104 of the employee benefit plan at all times material to this action and may be sued under ERISA as an entity pursuant to 29 U.S.C. § 1132(d)(1).

7. Defendant PRUDENTIAL makes the final decision to deny claims under the policy providing long-term disability benefits to Plaintiff and bore the ultimate responsibility for paying said benefits, creating an inherent conflict of interest between PRUDENTIAL's duties to the plaintiff as an ERISA fiduciary and its duties to its shareholders as a for-profit corporation under federal law.

8. Defendant PRUDENTIAL has a substantial conflict of interest and its decision to deny the benefits at issue was materially influenced by its conflict of interest.

9. Defendant PRUDENTIAL has failed to apply the provisions of the policies consistently with respect to similarly situated claimants.

10. Defendant's notice of denial letters failed to comply with 29 CFR § 2560.503-

1(f) as well as the "full and fair review" provisions of ERISA.

11. Defendant's plan documents fail to comply with 29 CFR § 2560.503-1 as well as the "full and fair review" provisions of ERISA.

12. Defendant PRUDENTIAL has failed to comply with its own internal rules, guidelines protocols, and/or other similar criteria relied upon in making the adverse determination referenced herein, failing to provide a copy of same to Plaintiff and failing to state that same will be provided upon request in its denial of Plaintiff's appeal as required by 29 CFR § 2560.503-1(j).

13. Defendant has failed to comply with the provisions of 29 CFR § 2560.503-1(b), 29 CFR § 2560.503-1(f), 29 CFR § 2560.503-1(g), 29 CFR § 2560.503-1(h), and 29 CFR § 2560.503-1(I) in its administration of Plaintiff's claim.

14. Plaintiff has exhausted administrative remedies before filing this action or the requirement that administrative remedies be exhausted before this action is filed has been otherwise satisfied, waived, excused, estopped, tolled, rendered moot, rendered a vain act, or otherwise rendered unnecessary under the statutes, administrative regulations promulgated by the Secretary of Labor, and/or common law regulating the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.*.

15. A copy of this Complaint is contemporaneously filed with the Secretary of Labor.

## COUNT ONE
## Action to Recover Plan Benefits
## Pursuant to 29 U.S.C. § 1132 (a)(1)(B)
## Against PRUDENTIAL

16. Plaintiff realleges and reavers paragraphs 1 through 15 of this Complaint, incorporating the same by reference as if specifically reinstated herein.

17. Plaintiff was and is "disabled," as the term was defined in the long-term disability insurance policy at issue in this action at all times material hereto.

18. Defendant has failed and refused to pay the Plaintiff sums due pursuant to the long-term disability insurance policy at issue in this action.

19. Defendant has subjected the Plaintiff to an unreasonable claims process pursuant to 29 CFR § 2560.503-1 and has denied coverage under the terms of the long-term disability policy at issue in this action.

20. Plaintiff is accordingly entitled to present evidence of disability under the *de novo* standard to this Honorable Court.

21. Plaintiff is entitled to attorneys' fees authorized by 29 U.S.C. § 1132(g).

**WHEREFORE**, Plaintiff JOANN SNIDER prays for relief from THE PRUDENTIAL INSURANCE COMPANY OF AMERICA for benefits due pursuant to the long-term disability insurance policy at issue pursuant to 29 U.S.C. § 1132(1)(1)(B), plus interest, costs, attorneys' fees pursuant to 29 U.S.C. § 1132(g), and such other relief as this Honorable Court may deem appropriate.

## COUNT TWO
### Action to Clarify Right to Plan Benefits
### Pursuant to 29 U.S.C. § 1132 (a)(1)(B)
### Against PRUDENTIAL

22. Plaintiff realleges and reavers paragraphs 1 through 15 of this Complaint, incorporating the same by reference as if specifically restated therein.

23. Plaintiff is entitled to long-term disability benefits pursuant to the PRUDENTIAL long- term disability insurance policy at issue in this action.

24. Defendant PRUDENTIAL has denied that Plaintiff is entitled to long-term disability insurance benefits.

25. Section § 1132(a)(1)(B) specifically authorizes an action to clarify a plaintiff's rights to benefits subject to insurance policies governed by ERISA such as the PRUDENTIAL long- term disability insurance policy at issue in this action.

26. Defendant PRUDENTIAL has subjected Plaintiff to an unreasonable claims process pursuant to 29 CFR § 2560.503-1.

27. Plaintiff is entitled to a declaration that the long-term disability insurance benefits at issue are payable under the PRUDENTIAL long-term disability insurance policy at issue in this action, and is entitled to present evidence of disability to this effect under the *de novo* standard.

28. Plaintiff is entitled to attorney's fees authorized by 29 U.S.C. § 1132(g).

**WHEREFORE**, Plaintiff JOANN SNIDER prays for a declaration that she is entitled

to reinstatement of benefits pursuant to the PRUDENTIAL long- term disability insurance policy at issue in this action, along with any ancillary benefits to which she may be entitled as a result of a declaration of right to same, pursuant to § 1132 (a)(1)(B) plus interest, costs, attorney's fees authorized by 29 U.S.C. § 1132(g), and such other relief as this Honorable Court may deem appropriate.

Respectfully Submitted,

*/s/ WmS C/*

William S. Coffman, Jr. Esquire
Florida Bar No. 0188158
**COFFMAN LAW**
15436 N. Florida Avenue, Suite 103
Tampa, Florida 33613
(813) 935-7030
(813) 935-7277 fax
erisa@benefitsdenied.com
Trial Counsel for Plaintiff